# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 50259 | **DATE** | 11/15/2002 |
| **CASE TITLE** | Leander vs. City of Rockford, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted in part and denied in part. The City of Rockford and the Rockford City Police Department are dismissed as defendants. Counsel for plaintiff and the remaining individual defendants are to schedule a settlement conference with the Magistrate Judge within the next 30 days.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | NOV 18 2002 | 31 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11-18-02 | |
| /LC | courtroom deputy's initials | 02 NOV 18 AM 10: 25 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Brent Carlson Leander, has sued defendants, the Rockford City Police Department ("Department"), the City of Rockford ("City"), Steve Allen, Eric Swenson, and Patty Pann, the last three being sued in both their individual and official capacities as Department police officers, under 42 U.S.C. § 1983 for alleged constitutional violations stemming from Leander's arrest on September 15, 1997. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391. Before the court is defendants' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

At the outset, the court takes up a few matters to clear the clutter from this case. First, Leander has abandoned any claims against the City and the Department, as well as his official capacity claims against the individual defendants, by not addressing or even mentioning any of them in his response brief. The court thus grants the motion for summary judgment as to those claims. Defendants also seek summary judgment on Leander's claims for false arrest, false imprisonment, and malicious prosecution. But because the court previously dismissed all of these claims in its order from September 11, 1998, this portion of defendants' motion for summary judgment is moot. Finally, Leander in his response brief insists on alternatively recasting his excessive force claim as a "failure to provide medical attention" claim. This, in the court's opinion, makes no sense, especially when both theories are based on exactly the same facts. It is simply illogical to argue, as Leander does, that the officers were "indifferent to his serious medical needs" when they are the very ones who (allegedly) caused those serious medical needs by beating him. What's more, it is undisputed Leander was taken to a hospital immediately after his arrest. In short, it is unnecessarily confusing to call what is really an excessive force claim something else. The court therefore will disregard Leander's discussion of a deliberate indifference theory.

That leaves the main dispute in this case: Leander's individual capacity claims against Allen, Swenson, and Pann (collectively referred to as the "officers") for using an excessive amount of force on Leander, both during and after his arrest. Although there is certainly some evidence showing that the officers could have reasonably believed Leander was resisting his arrest and posed a threat to their safety (e.g., by refusing to put his arms behind his back and biting Swenson's finger) before they were able to handcuff him, there is, at the same time, sufficient evidence that the amount and type of force they used went beyond what was objectively reasonable under the circumstances, including the relatively minor nature of the incident giving rise to Leander's arrest. See generally Smith v. Ball State Univ., 295 F.3d 763, 770 (7th Cir. 2002) (listing factors to consider in excessive force claim) (citing Graham v. Connor, 490 U.S. 386, 397 (1989)). At this point, however, the court will not delineate between, on the one hand, the force used against Leander before he was handcuffed (most of which the officers affirmatively admit to), and, on the other hand, that used against him after he was handcuffed (all of which is deemed admitted because the officers do not support their denials with any citations to the record). Suffice it to say that, accepting Leander's version of events as true (as the court of course must, since he is the nonmoving party), a genuine issue of fact remains on whether the amount of force used during the entire incident, taken together, was reasonably necessary. This same question of fact likewise means the officers are not entitled to qualified immunity. Should this case ultimately proceed to a jury trial, the court will instruct the jury accordingly as to whether it may consider what happened before or after the handcuffing, or both.

For the reasons stated above, defendants' motion for summary judgment is granted in part and denied in part. To be clear, Leander may proceed only on his excessive force claim against the officers in their individual capacity.